WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Jonathan D. Fink, Esq. SBN 110615
Magdalena D. Kozinska, Esq.  SBN 258403
4665 MacArthur Court, Suite 280
Newport Beach, California 92660
Tel. (949) 477-5050; Fax (949) 477-9200

Attorneys for Defendant, BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN SILVER, an individual, | ) Case No.: 2:10-cv-05664-PA (SSx) |
| Plaintiff, | ) *[Assigned to the Hon. Percy Anderson]* |
| vs. | ) **NOTICE OF MOTION AND** |
| | ) **MOTION TO DISMISS** |
| | ) **COMPLAINT;  MOTION FOR A** |
| | ) **MORE DEFINITE STATEMENT;** |
| BANK OF AMERICA, N.A.; CHASE | ) **AND MOTION TO STRIKE** |
| BANK, N.A., | ) **PUNITIVE DAMAGES** |
| Defendant. | ) **[(FRCP RULE 12(b)(6), (e) and (f)]** |
| | ) Date:     October 18, 2010 |
| | ) Time:    1:30 p.m. |
| | ) Ctrm.:  15 |
| | ) Complaint filed: August 16, 2010 |
| | ) *[Filed Concurrently with Request for* |
| | ) *Judicial Notice in Support Thereof]* |

1

**TO THE CLERK OF THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY.  PLEASE TAKE NOTICE** that on October 18, 2010, at 1:30 p.m. or as soon thereafter as the matter may be heard in the above-entitled Court, located at 300 North Spring Street, Courtroom 15, Los Angeles, California, Defendant BANK OF AMERICA, N.A. ("BofA" or "Movant") will move the Court, pursuant to FRCP Rule 12 (b)(6) to Dismiss the Complaint for failure to state a claim upon which relief can be granted on the grounds that, after reviewing the non-conclusive allegations of the Complaint, Plaintiff has failed to plead essential facts which give rise to his claims and/or the claims are barred (1) on their face and/or (2) as a result of matter which may properly be judicially noticed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, in the alternative, OWB moves for an order requiring Plaintiff to provide a more definite statement of his claims pursuant to FRCP Rule 12(e) where a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response, as well as for an Order, pursuant to FRCP Rule 12(f), striking the following contained in the Complaint:

1. Prayer, lines 24-25: "For punitive damages according to proof at trial in an amount equal to $3,384,371.79."

2. Prayer, line 27: "For attorney's fees and costs as provided by statute."

The Movant move to strike this request on the grounds that:

1. Plaintiff's allegations are not sufficient to demonstrate that Movant has engaged in and conduct, malice, oppression or fraud, warranting an award of punitive damages; and

2

1       2.    Plaintiff is not entitled to recover punitive damages under any of the

2   theories he has pled.

3       These Motions will be based upon this Notice, the attached memorandum

4   of points and authorities as well as the attached Complaint, the complete files and

5   records in this action, the documents of which this Court is being requested to take

6   judicial notice, the oral argument of counsel and such other and further evidence

7   as the Court might deem proper.

8       On September 2, 2010, the day it received the Complaint from Bank of

9   America, Movant's counsel sent a letter to Plaintiff by overnight mail, requesting

10  that the parties meet and confer regarding this motion pursuant to Local Rule 7-3,

11  but Plaintiff did not respond prior to this filing other than to then serve Movant's

12  counsel by fax with a copy of his Motion for Reconsideration.

13

14                        Respectfully submitted,

15                        WRIGHT, FINLAY & ZAK, LLP

16

17  Dated:  September 7, 2010    By:   */s/Magdalena D. Kozinska, Esq.*

18                        Magdalena D. Kozinska, Esq.

19                        Jonathan D. Fink, Esq.

20                        Attorney for Defendant,
Bank of America, N.A.

21

22

23

24

25

26

27

28

3

1

## <u>TABLE OF CONTENTS</u>

2
Page No.

3  **MEMORANDUM OF POINTS AND AUTHORITIES**

4  I.      INTRODUCTION.................................................................................1

5  II.     STATEMENT OF FACTS....................................................................2

6  IV.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A

7          CLAIM UPON  WHICH RELIEF MAY BE GRANTED.......................................3

8          A.      The Standards To Be Applied to a Motion To Dismiss..............................3

9          B.      Analysis of Claims...............................................................4

10                 a. General Statements.............................................................6

11                 b. Equitable Tolling..............................................................7

12                 c. Causes of Action..............................................................9

13                        i.    *Each State Law Claim and the TILA Claim is Barred for Plaintiff's*

14                              *Failure to Comply with the Doctrine of Tender*...............................9

15                        ii.   *Breach of Fiduciary Duty*...................................................10

16                        iii.  *Negligence/Negligence Per Se*.............................................11

17                              1.   Negligence.............................................................11

18                              2.   Negligence Per Se...................................................12

19                        iv.   *Agent: Common Law Fraud*..............................................13

20                        v.    *Breach of the Implied Covenant of Good Faith and Fair Dealing*........16

21                        vi.   *Violation of Truth in Lending Act 15 USC§ 1601 et seq*...................18

22                        vii.  *Intentional Infliction of Emotional Distress*..............................18

23  IV.     ALTERNATIVELY, A MORE DEFINITE STATEMENT OF THE COMPLAINT

24          IS REQUIRED....................................................................20

25  V.      IMMATERIAL, IMPERTINENT OR SCANDALOUS ALLEGATIONS BE

26          STRIKEN.........................................................................21

27  **VI.     CONCLUSION**....................................................................23

i

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

*Abdallah v. United Savings Bank*
4      43 Cal.App.4th 1101, 1109 (1996) ........................................................... 9

5    *Allen v. Ramsay*
        179 Cal.App.2d 843, 848, (1960) ............................................................ 14
6

*Arnolds Mgm't Corp. v. Fisher*
7      158 Cal.App.3d 575, 578-579 (1984) ....................................................... 9

8    *Ashcroft v. Iqbal*
        565 US __, 129 S.Ct. 1937, 1953 (2009) ................................................. 4
9

10   *Balistreri v. Pacifica Police Department*
        901 F.2d 696, 699 (9th Cir. 1990) ........................................................... 3

11   *Bell Atlantic Corp. v. Twombly*
12      127 S. Ct. 1955, 1965 (2007) ................................................................. 3

13   *Bell Atlantic v. Twombly*
        550 U.S. 544, 555 (2007) ....................................................................... 4
14

*Branch v. Homefed Bank*
15      6 Cal.App.4th 793, 800-01(1992) .......................................................... 20

16   *Cal. Service Station and Auto. Repair Ass'n v. American Home Assurance Co.*
17      62 Cal.App.4th 1166, 1178 (1998) ......................................................... 13

18   *Careau & Co. v. Security Pacific Bus. Credit, Inc.*
        222 Cal.App.3d 1371, 1399, fn. 25 (1990) ........................................ 10, 17
19

20   *Christensen v. Superior Court*
        54 Cal.3d 868, 903 (1991) ..................................................................... 19

21   *Clegg v. Cult Awareness Network*
        18 F.3d. 752, 754-55 (9th Cir. 1994) ....................................................... 5
22

*Conley v. Gibson*
23      355 U.S. 41, 45-46 (1957) ....................................................................... 3

24   *Davidson v. City of Westminster*
25      32 Cal.3d 197, 209 (1982) ..................................................................... 19

26   *DiRosa v. Showa Denko K.K.*
        44 C.A.4th 799, 808 (1996) ................................................................... 13
27

*Dodd v. Citizens Bank of Costa Mesa*
28      222 Cal.App.3rd 1624, 1627 (1990). ........................................................ 7

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Downey v. Humphreys*
  102 Cal.App.2d 323, 332 (1951) ................................................................ 10

*Earnhardt v. Puerto Rico*
  691 F.2d 69, 71 (1st Cir. 1982) .................................................................. 7

*Erlich v. Menezes*
  (1999) 21 Cal.4th 543, 555 ...................................................................... 19

*Famolare, Inc. v. Edison Bros. Stores*
  *Inc.,* 525 F. Supp. 940, 949 (E.D. Cal. 1981). .......................................... 20

*Fantasy, Inc. v. Fogerty*
  984 F.2d 1524, 1528 (9th Cir. 1993) ........................................................ 21

*Fletcher v. Western Life Insurance Co.*
  10 Cal.App.3d 376, 397(1970) .................................................................. 19

*Fogerty v. Fantasy, Inc.*
  510 U.S. 517 (1994).................................................................................... 21

*Foley v. Interactive Data Corp.*
  (1988) 47 Cal.3d 654, 682-700 ................................................................ 16

*FRA S.P.A v. Surg-O-Flex of America*
  415 F. Supp. 421, 427 (S.D.N.Y. 1976) .................................................... 20

*Frederick v. Koziol*
  772 F. Supp. 1019 (E.D. Va. 1990) .......................................................... 21

*Freeman & Mills, Inc. v. Belcher Oil Co.*
  11 Cal.4th 85, 102-03(1995) .................................................................... 17

*Holland v. Morse Diesel Intern, Inc.*
  86 Cal.App.4th 1443, 1447 (2001) ............................................................ 7

*Holmberg v. Armbrecht*
  327 U.S. 392, 397 (1946)............................................................................ 7

*Homestead Sav. v. Darmiento*
  230 Cal. App. 3d 424, 432-433 (1991) ...................................................... 6

*Ivey v. Board of Regents*
  673 F.2d 266, 268 (9th Cir. 1982) ............................................................ 4

*Johnson v. Honeywell Intern. Inc.*
  179 Cal.App.4th 549, 555 (2009 .............................................................. 13

*Johnson v. Honeywell Intern. Inc.*
  179 Cal.App.4th 549, 555 (2009) .............................................................. 13

iii

*Karlsen v. American Savings & Loan Assoc.*
   15 Cal.App.3d 112, 117 (1971) ................................................................. 9

*Kim v. Sumitomo Bank of California*
   17 Cal.App.4th 974 (1993) ...................................................................... 11

*King v. California*
   784 F.2d 910, 913-15 (9th Cir. 1986), <u>cert. denied</u>, 484 U.S. 802 (1987) ............ 7, 18

*Ladd v. County of San Mateo*
   12 Cal.4th 913, 917 (1996) ................................................................. 11, 13

*Lee v. Bank of America*
   218 Cal.App.3d 914, 920 (1990). ............................................................ 20

*Maggio v. Gerard Freezer & Ice Co.*
   824 F.2d 123, 127 (1st Cir. 1987). ............................................................ 8

*McCarthy v. Mayo*
   827 F.2d 1310, 1316 (9th Cir. 1987) .......................................................... 4

*Merenda v. Superior Court*
   3 Cal.App.4th 1, 8-11(1992); ................................................................ 20

*Millard v. Biosources, Inc.*
   156 Cal.App.4th 1338, 1353, fn. 2 (2007) .................................................... 13

*Mitsui Manufacturers Bank v. Superior Court*
   212 Cal.App.3d 726, 730-33 (1989). ...................................................... 16, 17

*Moeller v. Lien*
   25 Cal. App. 4th 822, 834 (1994) ...................................................... 6, 22, 23

*Morse v. Crocker National Bank*
   142 Cal.App.3d 228, 232 (1983) ............................................................. 10

*Nesovic v. United States*
   71 F.3d 776, 778 (9th Cir. 1995) ........................................................... 18

*Nevijel v. North Coast Life Insurance Co.*
   651 F.2d 671, 673-74 (9th Cir. 1981) ......................................................... 5

*Nymark v. Heart Federal Savings & Loan Association*
   231 Cal.App.3d 1089, 1096 (1991) ........................................................... 10

*Perati v. Atkinson*
   213 Cal.App.2d 472, 474 (1963) ............................................................. 19

*Price v. Wells Fargo Bank*
   213 Cal.App.3d 465, 476-79 (1989) ...................................................... 10, 16

iv

---

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Quelimane Co., Inc. v. Stewart Title Guar. Co.*
   19 Cal.4th 26, 47 (1998) ........................................................................ 6

*Quiroz v. Seventh Ave. Center*
   45 Cal.Rptr.3d 222 (App. 6 Dist. 2006)............................................... 13

*Robertson v. Dean Witter Reynolds, Inc.*
   749 F.2d 530, 533-534 (9th Cir. 1984) ................................................. 3

*Rosales v. Citibank*
   133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001) ...................................... 22

*Ross v. Creel Printing & Publishing Co., Inc.,*
   100 Cal. App. 4th 736 (2002) .............................................................. 20

*Salois v. The Dime Sav. Bank of N.Y.*
   128 F.3d. 20, 25, 26 (1st Cir. 1997)................................................... 7, 8

*Scafindi v. Western Loan and Building Company,*
   72 Cal. Ap.2d 550, 553 (1946) ........................................................... 14

*Shah v. County of Los Angeles*
   797 F.2d 743, 745 (9th Cir. 1986) ........................................................ 4

*Sierra-Bay Fed. Land Bank Assn. v. Superior Court*
   227 Cal.App.3d 318, 333 (1991). ....................................................... 13

*Simmons v. Peavy-Welsh Lumber Co.*
   113 F.2d 812, 813 (5th Cir. 1940) ......................................................... 4

*Software Design & App. Ltd. v. Hoelter & Arnett, Inc.*
   *56 Cal.Rptr.2d 756, 760*...................................................................... 11

*Spencer v. DHI Mortgage Company*
   *LTD*, 642 F.Supp.2d 1153, 1161 (2009) ............................................. 11

*State of California v. State Lands Comm.*
   512 F.Supp. 36, 38 (N.D. Cal. 1981) .................................................. 21

*Student Loan Mktg. Ass'n.*
   181 F.R.D 629, 639 (S.D. Cal. 1998) .................................................... 4

*Sutherland v. Barclays American/Mortgage Corp.,*
   53 Cal.App.4th 316, 317 (1997) ......................................................... 20

*Tarmann v. State Farm Mutual Auto Insurance Company*
   *Cal.App.4th 153, 157 (1991)*.............................................................. 14

*Truck Drivers & Helpers Union v. NLR*
   993 F.2d 990, 998(1st Cir. 1993)........................................................... 8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*United States Cold Storage v. Great Western Savings & Loan Assoc.*
    165 Cal.App.3d 1214, 1222 (1985) ........................................................... 9

*Wachtel v. West*
    476 F.2d 1062, 1065-66 (6th Cir.), *cert. denied*, 414 U.S. 874 (1973) ................. 18

*Wagner v. Benson*
    101 Cal.App.3d 27, 34-35 (1980) ........................................................... 10

*Wailua Assoc. v. Aetna Casualty & Surety Co.*
    183 F.R.D. 550, 553 and 556 (D. Hawaii 1998) ........................................... 21

*Wallis v. Superior Court*
    160 Cal.App.3d 1109, 1118 (1984) ......................................................... 16

*Ward v. Caulk*
    650 F.2d 1144, 1147 (9th Cir. 1981) ....................................................... 18

*Washington v. Baenziger*
    656 F.Supp. 1176, 1177 (N.D.C.A.  1987) ................................................... 5

*Washington v. Duty Free Shoppers*
    710 F. Supp. 1288, 1289 (N.D. Cal. 1988) .................................................. 6

*Western Mining Council v. Watt*
    643 F.2d 618, 624 (9th Cir. 1981) .......................................................... 4

*Woodson v. Winchester*
    16 Cal.App. 472, 473 (1911) ............................................................... 14

*Xuereb v. Marcus & Millichap, Inc.*
    3 Cal. App.4th 1338, 1342 (1992) .......................................................... 23

*Yamamoto v. Bank of New York*
    329 F.3d 1167, 1171-73 (9th Cir. 2003) .................................................... 10

*Young v. Bank of America*
    141 Cal.App.3d 108, 114 (1983) ........................................................... 19

**Statutes**

12 U.S.C. § 2614 .............................................................................. 8

15 U.S.C. § 1640(e); see *FRCP*, Rule 12(b)(6). ............................................... 8

CA Civil Code § 2924(a)(1) .................................................................... 7

California Code of Civil Procedures §338(d) ................................................... 15

Civ. Code §§ 1717 ............................................................................ 22

Civ. Code, § 3294. ........................................................................... 22

---

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Civil Codes §1486, 1493, 1494 and 1495 .................................................................. 9

**Other Authorities**

5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1382 ..................... 21

**Rules**

FRCP Rule 12 ............................................................................................................ 3

*FRCP* Rule 12(b)(6) .................................................................................................. 3

*FRCP* Rule 12(e) .................................................................................................... 20

FRCP Rule 8 ............................................................................................................. 4

*FRCP* Rule 8(a)(2) .................................................................................................. 3

Rule 8(a) and (e) ...................................................................................................... 5

**Treatises**

*5 Witkin, Cal. Proc, Before Trial, supra.* ............................................................... 15

*5 Witkin, Cal. Proc. Before Trial (4th ed. 1997), Pleading §668, pp.123-124.* ......... 14

*5 Witkin, California Procedure, Third Edition, Pleadings* §662, pg 111 ................... 14

Miller & Starr, *California Real Estate*, §9, 154, pp. 507-8 (2d Ed. 1989) ................. 9

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3        Although difficult to ascertain from the exceptionally nebulous form

4   complaint upon which Plaintiff Christian Silver ("Plaintiff") relies, it appears that

5   this action arises out of Plaintiff's attempts to avoid the consequences of his

6   default on a loan he obtained which was secured by the real property commonly

7   known as 5639 Natick Avenue, Van Nuys, California ("Property").

8   Even though the Complaint purports to be a Verified Complaint, in which Plaintiff

9   has personal knowledge of all the allegations contained therein (except for those

10  asserted on information and belief), in reality it is actually only a more recent

11  iteration of the sort of cookie cutter pleading which pro se litigants such as

12  Plaintiff have been using in a bad faith effort to avoid non-judicial foreclosures

13  when they default on their loans.  A true and correct copy of a virtually identical

14  complaint filed by Stephen Foos in the United State District Court for the Eastern

15  District of California as Case Number 2:10-cv-02201-FDC-CMK is attached as

16  Exhibit "1" to the concurrently filed Request for Judicial Notice and is

17  incorporated herein by reference.

18

## II.    STATEMENT OF FACTS

19       On or about May 2, 2006, Plaintiff Christian Silver ("Plaintiff") obtained a

20  loan from Bank of America, N.A., ("BofA" or "Movant") for approximately

21  $627,000.00 ("Loan") which was secured by a Deed of Trust ("DOT") recorded

22  against the real property commonly known as 5639 Natrick Ave, Los Angeles, CA

23  91411 ("Property").[1]  The recorded DOT shows the trustee as PRLAP, Inc. and

24  BofA as the lender and beneficiary.

25       On or about November 7, 2006, Plaintiff obtained a second loan this time

26  from Defendant JP Morgan Chase Bank, N.A. ("Chase Bank") for approximately

27  _____

28  [1] A true and correct copy of the Deed of Trust is attached to the accompanying Request for
Judicial Notice ("RJN") as Exhibit "2" and incorporated herein by reference.

1

1 | $170,000.00 ("Chase Loan") which was secured by a second Deed of Trust
2 | against the Property.[2]

3 |     On September 25, 2009, a document was recorded whereby BofA formally
4 | named Cal-Western Reconveyance Corporation as Substitute Trustee under the
5 | DOT.[3]

6 |     As Plaintiff defaulted on the Loan and failed to cure that default, duly
7 | noticed foreclosure proceedings were commenced against the Property.  On
8 | October 8, 2009, Cal-Western caused a Notice of Default and Election to Sell
9 | Under Deed of Trust ("NOD") to be recorded.[4]  According to the NOD, as of
10 | September 25, 2009, Plaintiff was $23,922.64 behind in payments on the Property.

11 |     When Plaintiff still failed to cure his default, a Notice of Trustee's Sale was
12 | recorded by Cal-Western, setting the sale for February 1, 2010 at 10:00 p.m.[5]

13 |     This lawsuit was filed on July 29, 2010 along with an Ex Parte Application
14 | for a Temporary Restraining Order ("Application").  On August 4, 2010, this
15 | Court issued an Order denying the Application holding that Plaintiff had not
16 | provided notice to BofA or Chase and that Plaintiff's factual and legal allegations
17 | in the Complaint were amorphous and conclusory and that Plaintiff failed to
18 | present any affidavits or other admissible evidence supporting a likelihood of
19 | success on the merits, a likelihood or irreparable harm, a balance of equities in his
20 | favor, or that an injunction would be in the public interest.[6]

---

[2] A true and correct copy of Deed of Trust is attached to the accompanying RJN as Exhibit "3" and incorporated herein by reference.
[3] A true and correct copy of Substitution is attached to the accompanying RJN as Exhibit "4" and incorporated herein by reference.
[4] A true and correct copy of NOD is attached to the accompanying RJN as Exhibit "4" and incorporated herein by reference.
[5] A true and correct copy of the Notice of Trustee's Sale is attached to the accompanying RJN as Exhibit "6" and incorporated herein by reference.
[6] A true and correct copy of the 8/04/2010 Order is attached to the accompanying RJN as Exhibit "7" and incorporated herein by reference.

2

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On August 12, 2010, Plaintiff filed another Ex Parte Application for a Temporary Restraining Order ("Application 2").  Ruling on Application 2, this Court held that Application 2 is identical to the one previously denied by the Court (except with the regard to the alleged date of the scheduled foreclosure sale), therefore the Court construed the Application 2 as a motion for reconsideration and denied the Application 2 since there has been no change in either the material facts or the controlling law.[7]  Undeterred, Plaintiff has now filed a Motion for Reconsideration of the August 12, 2010 denial of his application for a TRO, to which BofA is filing an Opposition.

## III.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED:

### A.   The Standards To Be Applied To A Motion To Dismiss.

It is well-established that a complaint may be dismissed pursuant to *FRCP* Rule 12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle him to relief.[8]  Specifically, even though a "short and plain statement" of the claim must be alleged,[9] a complaint may be dismissed as a matter of law under FRCP Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim.[10] In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level"[11] and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged.[12] Courts should dismiss any claim "that fails to plead sufficiently all required

---

[7] A true and correct copy of the 8/12/2010 Order is attached to the accompanying RJN as Exhibit "8" and incorporated herein by reference.
[8] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).
[9] *FRCP* Rule 8(a)(2).
[10] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984); see generally *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).
[11] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).
[12] *Id.*

3

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  elements of a cause of action."[13]

2      Also, where allegations in pleadings and the exhibits thereto conflict, the

3  exhibits control,[14] while a court may not "supply essential allegations of the claim

4  that were not initially pled."[15]  Further, when ruling on a motion to dismiss, all

5  well-pled facts in the complaint are deemed true;[16] however, conclusory

6  allegations are disregarded.[17]  The United States Supreme Court has stated that

7  "formulaic recitation of the elements of a cause of action will not suffice."[18] A

8  plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to

9  take advantage of the liberality with which courts otherwise view pleadings.[19]

10      Thus, the liberality with which courts view pleadings cannot salvage a

11  conclusive claim unsubstantiated by transparent fact.[20]  In fact, while Courts

12  consider facts in the complaint as true on a motion to dismiss, they do not "assume

13  the truth of legal conclusions merely because they are in the form of factual

14  allegations."[21] In *Ashcroft v. Iqbal*, the United States Supreme Court admonished

15  that *FRCP*, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-

16  harmed-me accusation."[22] The Court made clear that "threadbare recitals of a

17  cause of action's elements supported by conclusory statements" are insufficient to

18  overcome a motion to dismiss.[23]  Further, "the Court is not required to accept legal

19  conclusions cast in the form of factual allegations if those conclusions

20

21

22  [13] *Student Loan Mktg. Ass'n*, 181 F.R.D 629, 639 (S.D. Cal. 1998).
    [14] *Simmons v. Peavy-Welsh Lumber Co.* 113 F.2d 812, 813 (5th Cir. 1940).
23  [15]*Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).
24  [16]*Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986).
    [17]*McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).
25  [18] *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); see also *Ashcroft v. Iqbal*, 565 U.S. __,
26  129 S.Ct. 1937, 1953 (2009) .
    [19] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
27  [20] *Id.*
    [21] *Id.*
28  [22] *Ashcroft, supra*, 129 S. Ct. at 1949.
    [23] *Id.* at 1950.

4

1   reasonably be drawn from the facts alleged."[24]

2         Examining the claims for relief of the Complaint, it is apparent that each

3   and every cause of action alleged falls short of the pleading requirements to

4   survive this Motion to Dismiss.  In fact, Plaintiff does not even specify which

5   Deed of Trust is at issue in this Complaint.

6   **B.**    <u>**Analysis of Claims:**</u>

7         As an initial matter, it is difficult to ascertain from Plaintiff's thirty-three

8   (33) page Complaint, what it is that Plaintiff is accusing BofA of having done to

9   him.  In violation of FRCP Rule 8(a), the first twenty five and half (25½) pages of

10  the Complaint consist of generic statements wherein Plaintiff chastises the real

11  estate mortgage industry as a whole.  It is not until page 26 of the Complaint that

12  Plaintiff begins to identify his putative claims for relief: (1) Breach of Fiduciary

13  Duty, (2) Negligence/ Negligence Per Se, (3) Agent: Common Law Fraud, (4)

14  Breach of the Implied Covenant of Good Faith and Fair Dealing, and (5) Violation

15  of Truth in Lending Act 15 USC § 1601 et seq.   Even then, it is unclear which

16  defendant is intended to be named in which claim—indeed, Bank of America is

17  mentioned only three times in the entire pleading![25]   The Complaint fails to meet

18  the pleading requirements of FRCP Rule 8(a) in that, at 33 pages it does not

19  provide "a short and plain statement of the claim showing that the pleader is

20  entitled to relief."  In fact, the allegations of the Complaint are, despite their

21  length, so confusing, contradictory and rambling that defendants are not able to

22  determine precisely what its is they are alleged to have done wrong or when they

23  are alleged to have done it.  This breach alone warrants dismissal of this action.[26]

24  _____

25  [24] *Clegg v. Cult Awareness Network*, 18 F.3d. 752, 754-55 (9th Cir. 1994).

26  [25] Once in the Caption, once on pg.1, ll.19-20 as a Defendant and once on p.3, l.24 as one of the group of banks which supposedly caused the current financial crisis in general.

27  [26] *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming

28  dismissal with prejudice of 48 page complaint for failure to comply with Rule 8(a) and (e)); *accord Washington v. Baenziger,* 656 F.Supp. 1176, 1177 (N.D.C.A.  1987) (dismissing with leave to amend an 86 page complaint for violating Rule 8).

_____

1   a. **General Statements**

2     The bulk of Plaintiff's Complaint consists of a rambling discourse on

3   numerous, vaguely conceived notions as to what the original author of this form

4   Complaint thought the law was.  There is an utter absence of any specific facts,

5   analysis or even argument which tie any of these concepts to any issue actually

6   relevant to this matter, let alone to BofA itself.  Thus, for example, Plaintiff

7   complains about "Agency" but nowhere does he identify who the agent was, what

8   he did, or on whose behalf he acted.  At another point, Plaintiff goes off on the

9   bizarre tangent that there is a Criminal Conspiracy but he does not allege any of

10  its members or elements, let alone address the problem that, even if there was such

11  a Conspiracy, as a private citizen he would lack the ability to prosecute that claim.

12  In order to allege a Conspiracy, it must be established that (1) the defendant had

13  *knowledge* of and *agreed* to both the objective and course of action to injure the

14  plaintiff; (2) the wrongful act pursuant to such agreement; and (3) resulting

15  damage to plaintiff;[27] however, none of these elements have been satisfied here by

16  the Plaintiff.  From all that appears in the Complaint, BofA would seem to have

17  conspired with itself but a corporation cannot conspire with its own employees.[28]

18    Plaintiff also makes the general assertion that defendants do not have

19  standing to foreclose on the Property; however, as BofA is the original lender

20  (mortgagee) and beneficiary it is unclear why Plaintiff contends this to be true.

21  California Civil Code §§ 2924 – 2924k, provides "the comprehensive statutory

22  framework established to govern non-judicial foreclosure sales" and "is intended

23  to be exhaustive."[29]  The statutory scheme specifically provides that the

24  foreclosure process may be conducted by the "trustee, mortgagee **or beneficiary**

25

26  [27] *Quelimane Co., Inc. v. Stewart Title Guar. Co.,* 19 Cal.4th 26, 47 (1998).

27  [28] *Washington v. Duty Free Shoppers,* 710 F. Supp. 1288, 1289 (N.D. Cal. 1988).

28  [29] *Moeller, supra* at 834 ; *see also Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-
    433 (1991).

6

1   **or any of their authorized agents.**" [emphasis added][30] Plaintiff's contrary

2   contention has no basis in law or fact.[31] Here, the title documents reflect that, on

3   May 2, 2006, Plaintiff obtained a loan from BofA, the original and current

4   beneficiary of the Loan, and as the current beneficiary, BofA, has full Beneficiary

5   rights, over the Property, including but not limited to, the right to foreclose.

6           Moreover, Plaintiff fails to plead any facts showing that the Property is

7   being wrongfully foreclosed upon.  The mere blanket assertions used by Plaintiff

8   are not only lacking in specificity but they are also lacking in any facts whatsoever

9   as there are no allegations of any wrongdoing on the part of BofA at all.

10          **b. Equitable Tolling**

11          Plaintiff claims that "the limitations period for petitioners' damages claims

12  under TILA and RESPA[32] should be Equitably Tolled due to the Defendants'

13  Misrepresentations and Failure to Disclose."[33]  Although under federal law

14  equitable tolling is applied to statutes of limitations "to prevent unjust result or to

15  maintain the integrity of a statute," courts have taken a narrow view of equitable

16  exceptions to limitations periods.[34]  The federal doctrine of fraudulent

17  concealment operates to toll the statute of limitations "where a plaintiff has been

18  injured by fraud and 'remains in ignorance of it without any fault or want of

19  diligence or care on his part.'"[35]  For Plaintiff to be successful in his argument, it

20  must be determined that "(1) sufficient facts were [not] available to put a

21  reasonable [borrower] in plaintiff[s]' position on inquiry notice of the possibility

22  of fraud, and (2) plaintiff[s] exercised due diligence in attempting to uncover the

23

24  _____

    [30] CA Civil Code § 2924(a)(1).

25  [31] *See Holland v. Morse Diesel Intern, Inc.,* 86 Cal.App.4[th] 1443, 1447 (2001); *Dodd v. Citizens*

26  *Bank of Costa Mesa,* 222 Cal.App.3rd 1624, 1627 (1990).
    [32] Plaintiff does not actually state a claim for RESPA in the Complaint.

27  [33] See, Complaint, pg, 19, ll. 8-10.
    [34] *Salois v. The Dime Sav. Bank of N.Y.,* 128 F.3d. 20, 25 (1st Cir. 1997) quoting, *King,* 784 F.2d

28  at 915; see, *Earnhardt v. Puerto Rico,* 691 F.2d 69, 71 (1st Cir. 1982).
    [35] *Salois supra* 128 F.3d. 20, 25, quoting *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946).

factual basis underlying this alleged conduct."[36]   Allegations of fraudulent concealment alone do not excuse plaintiff from exercising reasonable diligence.[37]

Here, Plaintiff does not plead any facts whatsoever which establish that he was not in possession of any facts he needed, or was not at least in a position of inquiry of the possibility of fraud, or that he exercised *any* due diligence in attempting to uncover the factual basis underlying the alleged conduct.  Therefore, equitable tolling is not applicable in this case.  Since Plaintiff obtained the Loan from BofA in May of 2006 but did not file this action until July 29, 2010, Plaintiff's action has been brought over 3 (three) years too late making Plaintiff's claim for damages under TILA entirely time-barred by the applicable one-year statute of limitations period.[38]

RESPA has two statutes of limitations, a one-year statute of limitations for violations of sections 2607 and 2608, and a three-year statute of limitations for violations of section 2605.[39]   Here, Plaintiff has failed to allege which section of RESPA he contends was violated; in fact, he does not actually allege a Cause of Action for any RESPA violations.  Nevertheless, similarly to the TILA claims, any potential RESPA claims are time-barred on the face of the Complaint.

////

---

[36] *Salois*, 128 F.3d. 20, 25-26 quoting *Maggio v. Gerard Freezer & Ice Co.*, 824 F.2d 123, 127 (1st Cir. 1987).
[37] *Salois,* 128 F.3d. 20, 26; see, *Truck Drivers & Helpers Union v. NLR*, 993 F.2d 990, 998(1st Cir. 1993) ("Irrespective of the extent of the effort to conceal, the fraudulent concealment doctrine will not save a charging party who fails to exercise due diligence, and is thus charged with notice of a potential claim.")
[38] 15 U.S.C. § 1640(e); see *FRCP*, Rule 12(b)(6).
[39] 12 U.S.C. § 2614

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### c. **Causes of Action**

#### i. ***Each State Law Claim and the TILA Claim Is Barred for Plaintiff's Failure to Comply with the Doctrine of Tender.***

Further, as a matter of law, in order to challenge a foreclosure sale for any reason, or set it aside, or to bring any claim that arises from the foreclosure process, a plaintiff needs to allege proper tender.[40]  As explained in <u>F.P.B.I. Rehab 01 v. E&G Investments, Ltd</u>. (1989) 207 Cal.App.3d 1018, 1021:

> This rule...is based upon the equitable maxim that a court of equity will not order a useless act performed....if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.

As a condition precedent to any action challenging a foreclosure, the borrower must tender or offer to tender a sum sufficient to cure the default and absent an allegation of tender, the Complaint fails to state a cause of action.[41]

Further, the tender must have been made in *good faith*; the party making the tender must have had the *ability to perform*; and the tender must have been *unconditional*.[42]  This tender requirement has been extended to apply to "any cause of action" arising from an alleged improper foreclosure.[43]  Here, Plaintiff has failed to tender a sum sufficient to cure the default and therefore his Complaint should be dismissed as to all Causes of Action.

---

[40] *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996); see also, *United States Cold Storage v. Great Western Savings & Loan Assoc.*, 165 Cal.App.3d 1214, 1222 (1985); *Karlsen v. American Savings & Loan Assoc.*, 15 Cal.App.3d 112, 117 (1971).

[41] *Karlsen*, supra., at p. 117.

[42] <u>See</u>, Miller & Starr, *California Real Estate*, §9, 154, pp. 507-8 (2d Ed. 1989) and authorities cited therein; <u>see also</u>, Civil Code §1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform).

[43] *Karlsen*, supra., at p. 117; *Arnolds Mgm't Corp. v. Fisher*, 158 Cal.App.3d 575, 578-579 (1984).

9

---

1    Similarly, the TILA claim is also barred absent Plaintiff's showing an
2    ability and willingness to tender the amounts he obtained from BofA.[44]
3              ii. ***Breach of Fiduciary Duty***
4         In the First Cause of Action for Breach of Fiduciary, Plaintiff claims that
5    "Defendants Agent, appraiser, trustee, Lender, et al, and each of them owed
6    Petitioner a fiduciary duty of care with respect to the mortgage loan transactions
7    and related title activities involving the Trust Property."[45]
8         However, it is well-established that a lender does not owe any fiduciary
9    duty to its borrower. "[A] financial institution owes no duty of care to a borrower
10   when the institution's involvement in the loan transaction does not exceed
11   the...conventional role as a mere lender of money...."[46] According to the Court in
12   *Price v. Wells Fargo Bank*:

> It has long been regarded as 'axiomatic that the relationship between
> a bank and its depositor arising out of a general deposit is that of a
> debtor and creditor.'[47] 'A debt is not a trust and there is not a
> fiduciary relation between debtor and creditor as such.'[48] The same
> principle should apply with even greater clarity to the relationship
> between a bank and its loan customers.[49]

18   California courts have determined that the relationship of a bank-
19   commercial borrower does not constitute a special relationship.[50] The court in

---

[44] *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1171-73 (9th Cir. 2003), holding that, while courts have no discretion to *alter* TILA's substantive provisions, they retain broad discretion to do so as to its procedural provisions, and that a court could require that a the mortgagee's security interest did not automatically become void upon notice of rescission and that a mortgagor could be required to show proof of ability to repay the loan before rescission would be ordered. *Accord American Mortgage Network, Inc. v. Shelton, 486 F.3d 815,* (4th Cir. 2007)(noting that Yamamoto represents the majority view).
[45] See, Complaint, pg. 26, ll 17-19.
[46] *Wagner v. Benson,* 101 Cal.App.3d 27, 34-35 (1980); *Nymark v. Heart Federal Savings & Loan Association,* 231 Cal.App.3d 1089, 1096 (1991).
[47] *Morse v. Crocker National Bank,*142 Cal.App.3d 228, 232 (1983).
[48] *Downey v. Humphreys,* 102 Cal.App.2d 323, 332 (1951).
[49] *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 476 (1989).
[50] *Careau & Co. v. Security Pacific Bus. Credit, Inc.,* 222 Cal.App.3d 1371, 1399, fn. 25 (1990).

10

1    *Kim v. Sumitomo Bank of California* upheld the concept that a lender owes no

2    fiduciary duty to a borrower.[51]  In California, the law is well established that a

3    bank or lender has no fiduciary duty to a borrower when a borrower obtains a loan

4    through the course of an ordinary lender-borrower relationship.[52]  Lenders are not

5    even under any duty to explain the terms of loan documents to borrowers who

6    sign them without reading.[53]  Furthermore, lenders do not have a duty "to

7    determine the borrower's ability to repay the loan...The lender's efforts to

8    determine the creditworthiness and ability to repay by a borrower are for the

9    lender's protection, not the borrowers."[54]

10         Here, the relationship between BofA and Plaintiff, at least as alleged in the

11   Complaint, was nothing more, than a simple lender-borrower relationship.

12   Nothing else is, or can be, alleged and, thus Plaintiff's claim has no merits.

13   Therefore, Plaintiff's cause of action for Breach of Fiduciary Duty must be

14   dismissed with prejudice as Plaintiff cannot amend the Complaint to create a duty

15   which does not exist.

16                        **iii.  *Negligence/Negligence Per Se***

17                              **1. *Negligence***

18         To plead a negligence claim, Plaintiff must allege (1) duty, (2) breach, (3)

19   causation, and (4) damages.[55] Here, not only has Plaintiff not identified or

20   established <u>any</u> of the elements required to maintain this cause of action against

21   BofA but there are no specific allegations made against BofA anywhere in the

22   entire Complaint.[56]  Thus, there is no viable claim against BofA, and the

23   Complaint is fatally uncertain.

24

25   [51] *Kim v. Sumitomo Bank of California*, 17 Cal.App.4th 974 (1993).

26   [52] *Software Design & App. Ltd. v. Hoelter & Arnett, Inc., 56 Cal.Rptr.2d 756, 760.*
     [53] *Kim v. Sumitomo Bank of California,*17 Cal.App.4th 974, 981(1993).

27   [54]*Spencer v. DHI Mortgage Company, LTD*, 642 F.Supp.2d 1153, 1161 (2009).
     [55] *Ladd v. County of San Mateo* 12 Cal.4th 913, 917 (1996).

28   [56] BofA is in fact only mentioned three times in the entire Complaint: in the Caption, the
     "Parties" section and the "Carefully Crafted Criminal Connivance" section where Plaintiff

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

A negligence claim presumes a duty but no duty on the part of BofA is alleged here and the general rule, as explained above, is that a lender has no duty to its borrowers.  Moreover, there are no specific allegations as to what acts constitute the negligence or who committed them, just vague mutterings of neglect.

In any event, any negligence claim must fail as, pursuant to Code of Civil Procedure § 335.1, an action for injury caused by the neglect of another must be brought within two years of the injury.  Here, Plaintiff claims that "Defendants knew or in the exercise of reasonable care should have known that the loan transactions involving Petitioner and others similarly situated were defective, unlawful, violative of federal and state laws and regulations, and would subject Petitioner to economic and non-economic harm and other detriment."[57]  In other words, his injury appears to be in the making of the loan.  Since Plaintiff did not file this action until July 29, 2010, over four years after he obtained the loan from BofA in May 2006, the claim of negligence is clearly barred by the statute of limitations.

## 2. *Negligence Per Se*

Evidence Code § 669 creates a presumption of negligence where a defendant "(1) ... violated a statute, ordinance, or regulation of a public entity; (2) The violation proximately caused death or injury to person or property; (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and (4) The person suffering the death or the injury to his person or property was one of the class of persons for

states that "Bank of America, N.A...swooped in and convinced Americans to sell their homes, get out of their safe mortgage agreements and speculate with the equity they had gained by purchasing homes they could not afford."
[57] See, Complaint, pg 27, ll 15-18.

12

1    whose protection the statute, ordinance, or regulation was adopted.[58]  The doctrine
2    of negligence per se is not a separate cause of action, but creates an evidentiary
3    presumption that affects the standard of care in a cause of action for negligence."[59]
4    Following established case law, the statute classifies the presumption as one
5    affecting the burden of proof.[60]

6         "[A]n underlying claim of ordinary negligence must be viable before the
7    presumption of negligence of Evidence Code § 669 can be employed."[61]  The
8    negligence per se doctrine assists as evidence to prove negligence. "[I]t is the tort
9    of negligence, and not the violation of the statute itself, which entitles a plaintiff to
10   recover civil damages.  In such circumstances the plaintiff is not attempting to
11   pursue a private cause of action for violation of the statute; rather, he is pursuing a
12   negligence action and is relying upon the violation of a statute, ordinance, or
13   regulation to establish part of that cause of action."[62]  As explained above, to plead
14   a negligence claim, Plaintiffs must allege: (1) duty, (2) breach, (3) causation, and
15   (4) damages.[63]  A negligence claim presumes a duty but no duty on the part of
16   BofA is alleged here and the general rule, as explained above, is that a lender has
17   no duty to its borrowers.  Therefore, Plaintiff's Negligence Per Se Claim must be
18   dismissed without leave to amend.

19                  iv.  ***Agent: Common Law Fraud***

20        It is, of course, unclear to whom this claim is actually directed since no
21   "agent" is identified in the Complaint.  In any event, Fraud actions have been
22   classified as "disfavored," and are *subject to strict requirements of particularity*

23   _____

24   [58] *Johnson v. Honeywell Intern. Inc.,* 179 Cal.App.4th 549, 555 (2009); See also, *Quiroz v.
     Seventh Ave. Center* 45 Cal.Rptr.3d 222 (App. 6 Dist. 2006).
25   [59] *Johnson v. Honeywell Intern. Inc.,* 179 Cal.App.4th 549, 555 (2009)  quoting  *Millard v.
     Biosources, Inc.* 156 Cal.App.4th 1338, 1353, fn. 2 (2007).
26   [60] See, *DiRosa v. Showa Denko K.K.* 44 C.A.4th 799, 808 (1996).
27   [61] *Cal. Service Station and Auto. Repair Ass'n v. American Home Assurance Co.,* 62
     Cal.App.4th 1166, 1178 (1998).
28   [62] *Sierra-Bay Fed. Land Bank Assn. v. Superior Court,* 227 Cal.App.3d 318, 333 (1991).
     [63] *Ladd v. County of San Mateo* 12 Cal.4th 913, 917 (1996).

                                          13

*and pleading*.  Allegations of fraud involve a serious attack on character, and fairness to BofA (presuming it is the intended target) demands that it should receive the fullest of details of the charge in order to prepare its defense.[64]  Here, Plaintiff has wholly failed to plead the specific facts, or any facts at all, necessary to satisfy the strict pleading standard required for a fraud claim against BofA.

The rule is everywhere followed that fraud must be specifically pleaded. The effect of this rule is twofold: (a) general pleading of the legal conclusion of "fraud" is insufficient; the facts constituting the fraud must be alleged; (b) every element of the Plaintiff's cause of action for fraud must be alleged in the proper manner (i.e. factually and specifically), and the policy of liberal construction of the pleadings will not ordinarily be invoked to sustain a pleading defective in any material respect.[65]  It is essential that the facts and circumstances which constitute the fraud should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called on to answer, and to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud.[66]

The requisite elements to a tort cause of action for fraud and deceit are: (1) Representation; (2) Falsity; (3) Knowledge of falsity; (4) Intent to deceive; and (5) Reliance which results in damage.[67]  The requirements for pleading fraud **against a corporation are even more stringent.**  The requirement of specificity in a fraud action against a corporation requires the Plaintiff to allege the names of the persons who performed the allegedly fraudulent conduct, their authority, and when it was performed, none of which is alleged here.[68]

---

[64] *Scafindi v. Western Loan and Building Company,* 72 Cal. Ap.2d 550, 553 (1946).

[65] *Scafindi, supra* at558; See discussion at *5 Witkin, California Procedure, Third Edition, Pleadings* §662, pg 111.

[66] *Woodson v. Winchester,* 16 Cal.App. 472, 473 (1911) ; *Allen v. Ramsay, 179 Cal.App.2d 843, 848, (1960)*

[67] *See discussion at 5 Witkin, Cal. Proc. Before Trial (4ᵗʰ ed. 1997), Pleading §668, pp.123-124.*

[68] *Tarmann v. State Farm Mutual Auto Insurance Company Cal.App.4th 153, 157 (1991).*

14

---

1    The focus of this claim appears to be that "Agent acted in concert and

2  collusion with others named herein in promulgating false representations to cause

3  Petitioner to enter into the Loan without knowledge or understanding of the terms

4  thereof."[69]  However, there are no specific allegations through which Plaintiff

5  established, or can establish, any fraud as to BofA.   Again, it is even unclear who

6  the "Agent" is that Plaintiff is referencing.

7    Furthermore, Plaintiff also failed to establish how he relied upon the alleged

8  fraud by BofA or how he was damaged by his reliance as is required for fraud

9  causes of action.[70]  In fact, Plaintiff simply states that "Agents made these

10  representations with the intention of inducing Petitioner to act in reliance on these

11  representations..."[71]  Once again, Plaintiff fails to identify who the "Agents" were,

12  what their representations were, when and how they were made, what he did in

13  reliance on them or how he was damaged thereby.

14    Finally, "an action for relief on the ground of fraud" must be brought within

15  three years from discovery of the fraud.[72]  Here, as explained above, Plaintiff

16  claims that Agent made "false representations to cause Petitioner to enter into the

17  Loan without knowledge or understanding of the terms thereof."[73]   The loan terms

18  would have been obvious from the face of the Loan documents and from the

19  payments Plaintiff commenced making.  Since Plaintiff did not file this action until

20  July 29, 2010, over four years after he obtained the loan from BofA in May 2006,

21  the claim of Fraud is clearly barred by the three year statute of limitations.

22  ////

23  ////

24  ////

25

26  _____

[69] See, Complaint, pg, 28, ll 14, 16.

27  [70] *See discussion at 5 Witkin, Cal. Proc, Before Trial, supra..*

[71] See, Complaint, pg  28, ll 7-8.

28  [72] California Code of Civil Procedures §338(d)

[73] See, Complaint, pg, 28, ll 14, 16.

15

1

2

**v.  *Breach of the Implied Covenant of Good Faith and Fair Dealing***

3

4

5

6

7

8

9

Under California law, a viable claim for breach of the implied covenant of good faith and fair dealing must allege five characteristics, which are not satisfied here: 1) inherently unequal bargaining power; 2) non-profit motive for entering into the contract; 3) inadequacy of ordinary contract damages; 4) special vulnerability on the part of plaintiff due to the harm it would suffer from non-performance by other party; and 5) other party's awareness of this vulnerability.[74] The Complaint here satisfies none of these requirements.

10

11

12

13

14

15

16

17

18

Further, the viability of such claims outside the insurance context is suspect. In *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 682-700, the California Supreme Court gave a clear indication of its belief that, while an implied covenant of good faith and fair dealing might still subsist in every contract, outside of the insurance context, its breach would only give rise to contract damages.[75] Although *Foley* itself involved a wrongful termination case, several cases have noted the *Foley* decision ought to apply to virtually any other business relationship other than that of insurer and insured—particularly it has been applied in the context of the lender borrower relationship:[76]

19

20

21

22

23

Although real parties argue the holding in *Foley* did not eliminate tort liability for the breach of the covenant of good faith and fair dealing in the commercial contract context of this case, the plain fact is such an action never existed. Even the pre-*Foley* appellate decisions which have applied the doctrine in the employment context did so by finding the characteristics of an employee/ employer relationship

24

25

26

27

28

[74] *Wallis v. Superior Court* 160 Cal.App.3d 1109, 1118 (1984); *Elxsi v. Kukje America Corp.* 672 F.Supp. 1294, 1299 (N.D.CA 1987) (and cases cited therein).
[75] Despite this clear principal, the complaint here seeks tort damages [Complaint ¶ 83].
[76] *Price v. Wells Fargo Bank* 213 Cal.App.3d 465, 476-79 (1989); *Mitsui Manufacturers Bank v. Superior Court* 212 Cal.App.3d 726, 730-33 (1989).

16

1    were roughly equivalent to those found in the fiduciary relationship
2    between an insured and its insurer.[77]

3    Indeed, in *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990)
4    222 Cal.App.3d 1371, 1398-1401, the court found that this cause of action
5    probably no longer existed in the context of ordinary commercial transactions:

6    > From this history, it seems clear to us that the recognition of a tort
7    > remedy for a breach of the implied covenant in a noninsurance
8    > contract has little authoritative support.  In fact, with but one arguable
9    > exception (see fn. 25) and apart from decisions disapproved by *Foley*,
10   > every case which has considered the issue has rejected the
11   > recognition of a special relationship between specific contracting
     > parties.[78]

12   Although the court in *Careau & Co.*, out of an abundance of caution,
13   applied the five part test announced in *Wallis, supra*, and the modified version
14   thereof in *Mitsui Manufacturers Bank, supra*, it came to the inevitable conclusion
15   that:  "Under no reasonable perspective of the facts in this case would the
16   *Wallis/Mitsui* standards be satisfied....[T]he 'transaction involved here is the
17   quintessentially ordinary arms-length commercial transaction between two parties
18   of equal bargaining strength, breaches of which are adequately remedied by
19   ordinary contract damages.'"

20   As in *Careau*, the allegations of the Complaint here satisfy <u>none</u> of the
21   factors identified by the California courts as prerequisites to a cause of action for
22   breach of the implied covenant of good faith and fair dealing even assuming the
23   viability of this legal theory outside of the insurance context.

24   ////

25   ////

26   ────────────────────

27   [77] *Mitsui Manufacturers Bank, supra*, at 732-33.  *See also Freeman & Mills, Inc. v. Belcher Oil*
28   *Co.* 11 Cal.4th 85, 102-03(1995)  (eliminating the tort of bad faith denial of contract on the
     basis that contractual wrongs should not give rise to tort remedies)
     [78] 222 Cal.App.3d at 1399.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

      **vi.** ***Violation of Truth in Lending Act 15 USC § 1601 et seq.***

2

      First and foremost, under 15 USC § 1640(e), any claim for damages for any

3

TILA violation must have been brought within one year from the date of that

4

violation.  In *King v. California*,[79] the court was faced with alleged violations of

5

TILA's non-disclosure provisions.  Here, the alleged non-disclosures were in

6

connection with loans which were entered into more than four year prior to the

7

filing of the complaint.  The *King* court rejected "the 'continuing violation' theory

8

as unrealistically open-ended.  It exposes the lender to a prolonged and

9

unforeseeable liability that Congress did not intend."[80]   In any event, in order to

10

utilize the continuing violation argument, a plaintiff must allege continual

11

wrongful acts, not merely continual ill effects from the original violation.[81]

12

Furthermore, here, as stated above, Plaintiff has failed to allege circumstances

13

which would suspend the limitation period until borrower discovered the alleged

14

fraud or nondisclosures that form the basis of the TILA action.

15

      Furthermore, Plaintiff brings his suit under15 USC §1601, et seq. without

16

identifying any actual section of TILA which he contends was violated here.

17

Defendants are not required to guess the conduct for which they are sought to be

18

held liable and not all sections of TILA give rise to a claim for relief.

19

      **vii.** ***Intentional Infliction of Emotional Distress***

20

      The tort of Intentional Infliction of Emotional Distress ("IIED") requires

21

pleading (1) extreme and outrageous conduct by the defendant with the intention

22

of causing, or reckless disregard of the probability of causing, emotional distress,

23

(2) the Plaintiff's suffering severe or extreme emotional distress, (3) and actual

24

---

25

[79] *King v. California*, 784 F.2d 910, 913-15 (9th Cir. 1986), <u>cert. denied</u>, 484 U.S. 802 (1987).

26

[80] <u>Id.</u> at 914.

[81] *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)*; accord Nesovic v. United States*, 71

27

F.3d 776, 778 (9th Cir. 1995). *See also Wachtel v. West*, 476 F.2d 1062, 1065-66 (6th Cir.),

28

*cert. denied*, 414 U.S. 874 (1973), (in a TILA damages action, one year period commenced to run at the inception of the transaction, when the requisite disclosure was first not made; it did not continue so long as the disclosure remained unmade); *accord King, supra*, at 913-14.

---

1  and proximate causation of the emotional distress by the defendant's outrageous
2  conduct.[82] Conduct to be outrageous must be so extreme as to exceed all bounds
3  of decency usually tolerated in a civilized community.[83] Severe emotional
4  distress is emotional distress of such substantial quantity or enduring quality that
5  no reasonable man in a civilized society should be expected to endure it.[84]

6      In his IIED cause of action, Plaintiff does not plead any facts to support his
7  conclusory allegations that "Defendants either knew that their conduct would
8  cause Petitioner to suffer severe emotional distress, or acted in conscious and/or
9  reckless disregard of the probability that such distress would occur."[85] Instead,
10  Plaintiff concludes that "the conduct committed by Defendants, driven as it was
11  by profit at the expenses of increasingly highly leveraged and vulnerable
12  consumer who placed their faith and trust in the superior knowledge and position
13  of Defendants, was extreme and outrageous and not to be tolerated by civilized
14  society."[86] At no point in the Complaint does Plaintiff actually identify what
15  BofA did which equated to extreme and outrageous conduct.

16      Indeed, in cases in which the loss allegedly resulting from the tort claim is
17  purely financial, recovery for attendant emotional distress may be had only if the
18  emotional injury suffered is "severe, i.e., substantial or enduring as distinguished
19  from trivial or transitory."[87] More importantly, in *Erlich v. Menezes,* (1999) 21
20  Cal.4th 543, 555, the California Supreme Court confirmed that emotional distress
21  damages are unavailable in cases arising from solely financial injury, and that
22  "[n]o California case has allowed recovery for emotional distress arising solely
23
24

25  [82] *Christensen v. Superior Court,* 54 Cal.3d 868, 903 (1991).
26  [83] *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982).
    [84] *Fletcher v. Western Life Insurance Co.,* 10 Cal.App.3d 376, 397(1970).
27  [85] See, Complaint, Opp. pg 29, 11-13.
    [86] See, Complaint, Opp. pg 29, 6-9.
28  [87] *Young v. Bank of America,* 141 Cal.App.3d 108, 114 (1983) . *See also Perati v. Atkinson,* 213
    Cal.App.2d 472, 474 (1963) .

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

out of property damage."[88]  Similarly, in the context of debt collection, courts acknowledge that "collection of a debt by its very nature often causes the debtor to suffer emotional distress," however, this distress alone is not actionable.[89]

Beyond this, where, as here, there is no physical impact or injury on the part of Defendants, the claim is *per se* insufficient, particularly where the conduct with which a defendant is charged is neither "extreme" nor "outrageous."[90]  Plaintiff has not pled sufficient facts to give rise to any underlying tort against BofA and, thus, his claim for intentional infliction of emotional distress cannot stand.

## IV.   ALTERNATIVELY, A MORE DEFINITE STATEMENT OF THE COMPLAINT IS REQUIRED

*FRCP* Rule 12(e) states in part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement.

A motion for more definite statement will be granted where the complaint does not apprise the defendant of the substance of the claim being asserted.[91]  A *FRCP* Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and is therefore unable to frame a proper response.[92]

As demonstrated above, there are no clear or factual allegations raised against BofA which makes it impossible for BofA to response. Thus, Plaintiff, at minimum, should be required to provide a more definite statement of the entire Complaint and all of its paragraphs as they relate to BofA.  As the *Frederick v.*

---

[88] *See also Sutherland v. Barclays American/Mortgage Corp.*, 53 Cal.App.4th 316, 317 (1997) (rejecting claim of negligent infliction).
[89] *Ross v. Creel Printing & Publishing Co., Inc.,* 100 Cal. App. 4th 736, 745 (2002) .
[90] *Branch v. Homefed Bank*, 6 Cal.App.4th 793, 800-01(1992); *Merenda v. Superior Court*, 3 Cal.App.4th 1, 8-11(1992); *Lee v. Bank of America*, 218 Cal.App.3d 914, 920 (1990).
[91] *FRA S.P.A v. Surg-O-Flex of America*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976).
[92] *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

20

1    *Koziol*[93] court held, it is only in situations where the complaint gives the defendant
2    <u>fair notice of the claims</u> against him, that a motion for more definite statement will
3    be denied.[94] Since there are no factual allegations against Bof A in the entire
4    Complaint, BofA is prejudiced by not knowing how to respond since it does not
5    adequately understand what it is called on to answer. Therefore, the Court should
6    grant the Motion for a More Definite Statement pursuant to *FRCP* Rule 12(e).

7    ## V.   <u>IMMATERIAL, IMPERTIANT OR SCANDALOUS ALLEGATIONS</u>
8    <u>BE STRICKEN</u>

9         Rule 12(f) permits a court to "order stricken from any pleading . . . any . . .
10   immaterial, impertinent, or scandalous matter."

11             "Immaterial" matter is that which has no essential or important
12             relationship to the claim for relief. . .being pleaded. . . .According to
             the case law, 'impertinent' matter consists of statements that do not
13             pertain, and are not necessary, to the issues in question. . . .One test
14             that has been advanced for determining whether an allegation in a
             pleading is immaterial or impertinent within the meaning of Rule
15             12(f) is whether proof concerning it could be received at trial; if it
16             could not, then the matter is immaterial and impertinent. . . .[95]

17
18        A motion to strike is properly granted "for the purpose of streamlining the
19   ultimate resolution of the action and focusing the jury's attention on the real issues
20   in the case."[96]  A motion to strike is particularly appropriate where, as here, a

21
22

23   _____
     [93] *Frederick v. Koziol*, 772 F. Supp. 1019 (E.D. Va. 1990).
24   [94] *Id.* at 1021.
     [95] 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1382; *See, Wailua Assoc. v.*
25   *Aetna Casualty & Surety Co.*, 183 F.R.D. 550, 553 and 556 (D. Hawaii 1998) (striking the
26   phrase "siege warfare" as scandalous).
     [96] *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd* on other grounds by
27   *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *See State of California v. State Lands Comm.*,
     512 F.Supp. 36, 38 (N.D. Cal. 1981)  ("[W]here the motion may have the effect of making the
28   action less complicated, or have the effect of otherwise streamlining the ultimate resolution of
     the action, the motion to strike will be well taken").

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

party seeks relief not available as a matter of law.[97]   Thus, requests to strike certain types of relief may be granted if "such relief is not recoverable under the applicable law."[98] A punitive damages award requires a finding by clear and convincing evidence of both that a tort was committed and that oppression, fraud or malice was the impetus of that tort.[99]

Thus, Prayer, lines 24-25 of the Complaint, seeking punitive damages, should be stricken as such damages are not recoverable here because Plaintiff has failed to assert any valid claim upon which he would be entitled to punitive damages, thereby making this claim impertinent, immaterial and scandalous.

Furthermore, Plaintiff here seeks recovery of his attorney's fees in this action [Prayer to Complaint, line 27].  However, in order to obtain an award of attorney's fees, Plaintiff must allege the existence of a statute or of a contract between himself and BofA which provides for an award of attorney's fees.[100] Here, Plaintiff does not identify any statutes which support his demand for attorney's fees as to BofA and the only possible contract which contains any fee provision is the Deed of Trust;[101] however, Plaintiff has failed to even identify which Deed of Trust is at issue in this litigation, the DOT or the <u>Chase</u> Deed of Trust.  Thus, there is no basis for fees against BofA.

Moreover, to the extent *Civil Code* §1717 establishes that even unilateral attorneys' fees provisions should be bilaterally enforced,[102] this only covers contract actions - where the theory of the case is breach of contract and where the contract sued upon itself specifically provides for an award of attorney fees

---

[97] *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001).
[98] 2 Moore's Federal Practice § 12.37[3] (3d ed. 2004); *Wilkerson v. Butler*, (E.D. Cal. 2005) 229 FRD 166, 172; *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).
[99] Civ. Code, § 3294.
[100] See Civ. Code §§ 1717 (providing for attorneys' fees in an action on a contract) and 1021.
[101] See RJN, Exhibit "2."
[102] *Moallem, supra* at 1832.

22

1 incurred to enforce that contract.[103]  Tort claims are not encompassed. "This

2 restriction has for 25 years denied tort litigants the benefit of section 1717."[104]

3 Thus, Plaintiff's prayer for attorney's fees should be stricken.

4 **VI.**    **CONCLUSION**:

5      BofA respectfully requests that its Motion to Dismiss Plaintiff's Complaint

6 be sustained <u>without</u> leave to amend as it is clear, for all of the reasons set forth

7 above, that Plaintiff has failed to state any cause of action against BofA and that

8 giving Plaintiff an opportunity to amend his Complaint will not be of any avail

9 since Plaintiff's claims are time-barred and he cannot plead facts sufficient to

10 bring forth a viable cause of action against BofA.

11                                   Respectfully submitted,

12                                   WRIGHT, FINLAY & ZAK, LLP

13 Dated:  September 7, 2010     By:    */s/Magdalena D. Kozinska, Esq.*

14                                   Magdalena D. Kozinska, Esq.

15                                   Jonathan D. Fink, Esq.
Attorney for Defendant,

16                                   Bank of America, N.A.

---

[103] *Id.*quoting *Xuereb v. Marcus & Millichap, Inc.* 3 Cal. App.4th 1338, 1342 (1992).
[104] *Moallem, supra* at 1832.

23

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# PROOF OF SERVICE

I, Nancy C. Wheeler, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On September 7, 2010, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MOTION FOR A MORE DEFINITE STATEMENT; AND MOTION TO STRIKE PUNITIVE DAMAGES, [(FRCP RULE 12(b)(6), (e) and (f)],** on all interested parties in this action as follows:

[X]     by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED MAILING LIST**

[ X ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices via U.S. Mail as to Co-Defendants.

[  ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[  ]    (BY PERSONAL SERVICE) I have caused our Service of Process, First Legal to serve such envelope on all interested parties in this action.

[  ]    (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for as to Plaintiff.

[X]     (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 7, 2010, at Newport Beach, California.

Nancy C. Wheeler

1

1

## **SERVICE LIST**

2

3  Christian Silver
   6539 Natick Ave.
4  Van Nuys, CA 91411
5  (818) 618-1973
   Plaintiff Pro Se
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28