WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Jonathan D. Fink, Esq. SBN 110615
Magdalena D. Kozinska, Esq.  SBN 258403
4665 MacArthur Court, Suite 280
Newport Beach, California 92660
Tel. (949) 477-5050; Fax (949) 477-9200

Attorneys for Defendant, BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN SILVER, an individual,<br><br>                              Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A.; CHASE BANK, N.A.,<br><br>                              Defendant. | Case No.: 2:10-cv-05664-PA (SSx)<br><br>*[Assigned to the Hon. Percy Anderson]*<br><br>**REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS COMPLAINT; MOTION FOR A MORE DEFINITE STATEMENT; AND MOTION TO STRIKE PUNITIVE DAMAGES**<br><br>**[(FRCP RULE 12(b)(6), (e) and (f)]**<br><br>Date:    November 8, 2010<br>Time:   1:30 p.m.<br>Ctrm.:  15<br><br>Complaint filed: August 16, 2010 |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    The Opposition Fails to Address Any of the Defects Noted in the Motion to Dismiss:

Plaintiff's response to the Motion to Dismiss is devoid of even a single case, statute or regulation which would support any of his arguments. Instead, he improperly attempts to assert new "facts" which do not appear in his complaint[1] and which he erroneously believes somehow serve to cure its defects. The Opposition also relies on non-specific offers to prove up the allegations at the time of trial; however, that sort of vague promise is wholly insufficient to survive a motion to dismiss—unless Plaintiff can plead a plausible entitlement to relief, he has no right to proceed to trial,[2] nor does he have the right to merely claim that he could prove a case if only he were allowed to conduct discovery.[3] Rather, his complaint stands or falls based upon what he has in fact pled.

It should also be noted that the Opposition does nothing to address the Motion to Strike and concedes the Motion for More Definite Statement.

## II.    Analysis of Claims:

As noted in the Motion to Dismiss, although it remains unclear which defendant is intended to be affected by which claim for relief, it appears that Plaintiff has attempted to assert the following claims: (1) Breach of Fiduciary Duty, (2) Negligence/ Negligence Per Se, (3) Agent: Common Law Fraud, (4) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (5) Violation of Truth in Lending Act 15 USC § 1601 et seq. Plaintiff also vaguely refers to

---

[1] *Schneider v. California Dept. of Corrections*, (9th Cir. 1998) 151 f.3D 417, 419.

[2] *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 556-57; *Ashcroft v. Iqbal*, (2009) 556 U.S. ___, 129 S.Ct. 1937, 1951.

[3] This is not a case where the Rule 12(b)(6) Motion has been (or needs to be) transformed into a summary judgment motion under FRCP Rule 56. *See DM Research v. Coll. of Am. Pathologists*, (1st Cir. 1999) 170 F.3d 53, 55-56: "[T]he price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."

2

---

1   various putative violations of RESPA.   As defendants are unable to determine

2   precisely what it is they are alleged to have done wrong or when they are alleged

3   to have done it, dismissal of this action is warranted.[4]

4   **A.    The Claims Are Barred By the Applicable Statutes of Limitation:**

5   As an initial matter, it should be remembered that the loan at issue here was

6   entered into on May 2, 2006[5] and that this Complaint was not filed until July 29,

7   2010—over four years later.

8   Assuming that Plaintiff could assert a claim for breach of fiduciary duty as

9   to Bank of America, that claim would need to have been brought within, at most,

10  four years from the breach and, arguably, only two where, as here, the gravamen

11  of the claim is negligence.[6]  In either event, the breach alleged here occurred, if at

12  all, at the inception of the loan in May, 2006—more than four years ago.

13  The negligence claim would be subject to the two year statute of limitations

14  under CCP § 335.1, running from the date of the injury.  Here, again, that would

15  be the inception of the loan.

16  Fraud is subject to a three year statute and accrues when the plaintiff knew

17  *or reasonably should have known* of the facts constituting the fraud.[7]  The alleged

18  fraud occurred, if at all, at the inception of the loan and should have been

19  immediately apparent as the alleged fraud appears to consist solely of the putative

20  failure to make requisite disclosures under Federal Law.

21  Under CCP § 339, an action upon a contract, obligation or liability not

22  founded upon an instrument of writing must be brought within two years of the

23

24  [4] *Nevijel v. North Coast Life Insurance Co.*, (9th Cir. 1981) 651 F.2d 671, 673-74 (affirming

25  dismissal with prejudice of 48 page complaint for failure to comply with Rule 8(a) and (e));

    *accord Washington v. Baenziger*, (N.D. Cal. 1987) 656 F.Supp. 1176, 1177 (dismissing with

26  leave to amend an 86 page complaint for violating Rule 8).

    [5] RJN Exhibit "2."

27  [6] *Rosenblatt v. Ernst & Young International, Ltd.*, (S.D. Cal. 2000) 87 F.Supp.2d 1048, 1052-

28  53; *Day v. Greene*, (1963) 59 Cal.2d 404, 411.

    [7] CCP § 338(d).

3

1   violation.  As a claim for breach of the implied covenant per se contemplates an

2   implied provision to the contrary, it clearly does not arise out of a written

3   agreement and would be barred after two years.  Even if it could be deemed to

4   arise out of the written agreement, though, Plaintiff would fare no better as the

5   claim would be barred even under a four year statute for written contracts, which

6   accrues upon breach.

7        TILA has two applicable statutes (1) a three year statute of repose for

8   claims of rescission,[8] and (2) a one-year statute of limitations for claims for

9   money damages.[9]  The three-year statute of limitations for a claim of rescission

10  under TILA is "absolute" and begins to run at the consummation of the

11  transaction or upon the sale of the property, whichever occurs first.[10]  The one-

12  year statute of limitations for monetary damages under TILA also begins at the

13  consummation of the transaction which is the date of occurrence of the violation.[11]

14       To the extent that a RESPA claim was also intended, RESPA has two

15  statutes of limitations, a one-year statute of limitations for violations of §§ 2607

16  and 2608, and a three-year statute of limitations for violations of §2605.[12]  Again,

17  that time has long since lapsed.

18       **1.  Equitable Tolling**

19       Plaintiff claims that "the limitations period for petitioners' damages claims

20  under TILA and RESPA[13] should be Equitably Tolled due to the Defendants'

21  Misrepresentations and Failure to Disclose."[14]  Equitable tolling does not apply to

22  rescission claims under TILA because "§1635(f) completely extinguishes the right

23  of rescission at the end of the 3-year period," even if the lender has never made

24

25  [8] 15 USC § 1635(f).
26  [9] 15 USC § 1640(e).
    [10] *King v. State of California*, (9th Cir. 1986) 784 F.2d 910, 913.
27  [11] *Morris v. Lomas and Nettleton Co.*, (D.Kan.1989) 708 F.Supp. 1198.
    [12] 12 U.S.C. § 2614
28  [13] Plaintiff does not actually state a claim for RESPA in the Complaint.
    [14] See, Complaint, pg, 19, ll. 8-10.

4

1  the required disclosures.[15] In any event, the courts have taken a narrow view of

2  equitable exceptions to limitations periods.[16] As noted in the Motion to Dismiss,

3  for Plaintiff to be successful in his argument, it must be determined that "(1)

4  sufficient facts were [not] available to put a reasonable [borrower] in plaintiff[s]'

5  position on inquiry notice of the possibility of fraud, <u>and</u> (2) plaintiff[s] exercised

6  due diligence in attempting to uncover the factual basis underlying this alleged

7  conduct."[17] Allegations of fraudulent concealment alone do not excuse plaintiff

8  from exercising reasonable diligence.[18]

9      Nothing in the Opposition shows that Plaintiff has plead any allegations

10  whatsoever to establish that he was not in possession of any facts he needed, or

11  was not at least in a position of inquiry of the possibility of fraud, or that he

12  exercised *any* due diligence in attempting to uncover the factual basis underlying

13  the alleged conduct.  Therefore, equitable tolling is not applicable in this case.

14      **B.**   <u>**None of the Claims for Relief Are Viable:**</u>

15      **1.**   <u>**Plaintiff Has Failed to Make Tender:**</u>

16      The Opposition blithely ignores the requirement that Plaintiff make a good

17  faith tender of the sums due under the loan as a precondition to maintaining *any*

---

[15] *Beach v. Ocwen Fed. Bank,* (1998) 523 U.S. 410, 412-13.

[16] *Salois v. The Dime Sav. Bank of N.Y.,* (1st Cir. 1997) 128 F.3d. 20, 25, quoting, *King*, 784 F.2d at 915; see, *Earnhardt v. Puerto Rico*, (1st Cir. 1982) 691 F.2d 69, 71.

[17] *Salois*, 128 F.3d. 20, 25-26 quoting *Maggio v. Gerard Freezer & Ice Co.*, (1st Cir. 1987) 824 F.2d 123, 127.

[18] *Salois,* 128 F.3d. 20, 26; *see Truck Drivers & Helpers Union v. NLR,* (1st Cir. 1993) 993 F.2d 990, 998 ("Irrespective of the extent of the effort to conceal, the fraudulent concealment doctrine will not save a charging party who fails to exercise due diligence, and is thus charged with notice of a potential claim.")

5

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  claims arising out of the foreclosure process.[19]  Nor does the Opposition address

2  the requirement for proper tender in connection with a TILA claim.[20]

3      **2.    Breach of Fiduciary Duty:**

4      Plaintiff's Opposition fails to point to any authority or facts which would

5  contradict the well-established rule, discussed in the Motion to Dismiss, that a

6  lender does not owe any fiduciary duty to its borrower. "[A] financial institution

7  owes no duty of care to a borrower when the institution's involvement in the loan

8  transaction does not exceed the...conventional role as a mere lender of

9  money...."[21]  Indeed, California courts have repeatedly determined that the

10  relationship of a bank-commercial borrower does not constitute a special

11  relationship.[22]  Nor do lenders have any duty "to determine the borrower's ability

12  to repay the loan...The lender's efforts to determine the creditworthiness and

13  ability to repay by a borrower are for the lender's protection, not the borrowers."[23]

14      **3.    Negligence/Negligence Per Se:**

15      Nothing in the Opposition or the Complaint even attempts to establish the

16  basis for a duty to Plaintiff, let alone a breach of that duty.  As for negligence per

17  se, the Opposition fails to show any compliance with the elements of Evidence

18

19

20  [19] *Abdallah v. United Savings Bank,* (1996) 43 Cal.App.4th 1101, 1109; see also, *United States*

21  *Cold Storage v. Great Western Savings & Loan Assoc.,* (1985) 165 Cal.App.3d 1214, 1222;
   *Karlsen v. American Savings & Loan Assoc.,* (1971) 15 Cal.App.3d 112, 117.

22  [20] *Yamamoto v. Bank of New York,* (9th Cir. 2003) 329 F.3d 1167, 1171-73, holding that, while

23  courts have no discretion to *alter* TILA's substantive provisions, they retain broad discretion to
   do so as to its procedural provisions, and that a court could require that a the mortgagee's

24  security interest did not automatically become void upon notice of rescission and that a
   mortgagor could be required to show proof of ability to repay the loan before rescission would

25  be ordered. *Accord American Mortgage Network, Inc. v. Shelton,* (4th Cir. 2007) 486 F.3d 815
   (noting that Yamamoto represents the majority view).

26  [21] *Wagner v. Benson,* (1980) 101 Cal.App.3d 27, 34-35; *Nymark v. Heart Federal Savings &*

27  *Loan Association,* (1991) 231 Cal.App.3d 1089, 1096.
   [22] *Careau & Co. v. Security Pacific Bus. Credit, Inc.,* (1990) 222 Cal.App.3d 1371, 1399, fn.

28  25; *Kim v. Sumitomo Bank of California,* (1993) 17 Cal.App.4th 974.
   [23]*Spencer v. DHI Mortgage Company, LTD,* (E.D. Cal. 2009) 642 F.Supp.2d 1153, 1161.

6

1    Code § 669.[24]   The doctrine of negligence per se is not a separate cause of action,

2    but creates an evidentiary presumption that affects the standard of care in a cause

3    of action for negligence."[25]   Following established case law, the statute classifies

4    the presumption as one affecting the burden of proof.[26]   Thus, "an underlying

5    claim of ordinary negligence must be viable before the presumption of negligence

6    of Evidence Code § 669 can be employed."[27]   None has been pled here.

7        **4.    Agent: Common Law Fraud:**

8        Pleading a cause of action for fraud under FRCP Rule 9 requires "the

9    plaintiff to allege the who, what, where, and when of the alleged fraud."[28]

10   General, vague or conclusory allegations are insufficient and to be disregarded.[29]

11   The Complaint here utterly fails to identify any actual misrepresentation of fact

12   made to Plaintiff by Bank of America (or any of the other named Defendants for

13   that matter)—let alone showing that it was intentional, fails to identify any actual

14   reliance on any such misrepresentation by Plaintiff--let alone showing that it was

15   justifiable, and fails to identify and actual damages resulting from that reliance.

16       **5.    Breach of the Implied Covenant of Good Faith and Fair Dealing:**

17       The Opposition fails to show how any of the five characteristics required

18   for a viable claim for breach of the implied covenant have been pled here.  There

19   are no allegations of: 1) inherently unequal bargaining power; 2) non-profit

20   motive for entering into the contract; 3) inadequacy of ordinary contract damages;

21   4) special vulnerability on the part of plaintiff due to the harm it would suffer

22

23

24   [24] *Johnson v. Honeywell Intern. Inc.,* (2009) 179 Cal.App.4th 549, 555.
     [25] *Johnson, supra,* quoting *Millard v. Biosources, Inc.,* (2007) 156 Cal.App.4th 1338,1353, fn.2.
25   [26] See, *DiRosa v. Showa Denko K.K.,* (1996) 44 C.A.4th 799, 808.
     [27] *Cal. Service Station and Auto. Repair Ass'n v. American Home Assurance Co.,* (1998) 62
26   Cal.App.4th 1166, 1178.
     [28] *Williams v. WMX Technologies, Inc.* (5th Cir. 1997) 112 F.3d 175, 198.  *See also Vess v.*
27   *Ciba-Geigy Corp. USA,* (9th Cir. 2003) 317 F.3d 1097, 1106.
     [29] *Moore v. Kayport Package Express, Inc.,* (9th Cir. 1989) 885 F.2d 531, 540; *Lone Star Ladies*
28   *Investment Club v. Schlotzky's Inc.,* (9th Cir. 1996) 283 F.3d 363, 368.

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1   from non-performance by other party; and 5) other party's awareness of this

2   vulnerability.[30]  The Complaint here satisfies none of these requirements even if

3   such claims still survive outside the insurance context.[31]  Indeed, in *Careau & Co.*

4   *v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1398-1401,

5   the court found that this cause of action probably no longer existed in the context

6   of ordinary commercial transactions.

7         **6.**     <u>**Violation of Truth in Lending Act 15 USC § 1601 et seq.:**</u>

8         No facts constituting an actual TILA violation are pled in the Complaint,

9   nor does Plaintiff even identify any particular Section he claims was violated.  The

10   Opposition essentially ignores this claim altogether, focusing instead on the

11   imagined RESPA violations.

12         **7.**     <u>**RESPA:**</u>

13         The Opposition argues that Plaintiff has pled RESPA violations even

14   though there is no claim asserted under RESPA.  Plaintiff's RESPA claim is

15   defective.  Moreover, none of the putative RESPA violations are supported by any

16   facts, and thus fail to state a claim.  Instead, Plaintiff's allegation consists of

17   "'naked assertion[s]' devoid of 'further factual enhancement.'"[32]   In this regard,

18   Plaintiff himself concedes that he "is unable to determine whether or not the...fees

19   [he was charged] are valid in accordance with the restrictions provided by the

20   various consumer protection laws."[33]

21         Even if Plaintiff had pled facts, it would not save this claim.  Plaintiff

22   appears to be basing his contention that there were violations of RESPA on 12

23   U.S.C. §§ 2603, 2604 and (possibly) 2607.   Under 12 U.S.C. § 2604, the lender

24

---

25   [30] *Wallis v. Superior Court* (1984) 160 Cal.App.3d 1109, 1118; *Elxsi v. Kukje America Corp.*
26   (N.D. Cal. 1987) 672 F.Supp. 1294, 1299 (and cases cited therein).
      [31] *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476-79; *Mitsui Manufacturers Bank*
27   *v. Superior Court,* (1989) 212 Cal.App.3d 726, 730-33.
      [32] *Ashcroft v. Iqbal,* 565 U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting
28   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))
      [33] Opposition, p.5, ll.15-17; Complaint, p.16, ll.9-10.

---

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

must provide the borrower with "a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur."[34] In addition, under 12 U.S.C. § 2603, the lender must complete and make available to the borrower either before or at settlement a uniform settlement statement reflecting the actual settlement costs.[35] However, the only RESPA provision that provides for a private right of action is 12 U.S.C. § 2614, which states: "Any action pursuant to the provisions of section 2605, 2607 or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction ...."[36] Thus, 12 U.S.C. § 2614 provides for a private right of action for claims brought under sections 12 U.S.C. §§ 2605, 2607 and 2608 but not §§2603 and 2604.[37] The courts that have examined the issue have refused to imply a private right of action under any other section of the Act.[38]

In terms of the possible violation of § 2607, the Complaint, in passing, refers to a supposed general practice of payment of yield spread premiums to loan brokers.[39] No specific allegation is made as to the existence or amount of any yield spread premium for Plaintiff's particular loan, nor is there any showing of any actual violation here were there such a payment. The mere existence of a

---

[34] 12 U.S.C. § 2604(c).
[35] 12 U.S.C. § 2603(b).
[36] *Llaban v. Carrington Mortgage Services, LLC*, 2009 WL 2870154 (S.D.Cal.) quoting 12 U.S.C. § 2614.
[37] *Llaban v. Carrington Mortgage Services, LLC*, 2009 WL 2870154 (S.D.Cal.)
[38] *Llaban v. Carrington Mortgage Services, LLC*, 2009 WL 2870154 (S.D.Cal.);*See Bloom v. Martin*, 865 F.Supp. 1377 (N.D.Cal.1994) (holding that 12 U.S.C. § 2603 does not imply a private right of action), *aff'd*, 77 F.3d 318, 319 (9th Cir.1996); *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir.1997) ("[T]here is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); *Currey v. Homecomings Fin., LLC*, 2009 WL 1227010, at *6 (N.D.Cal. May 1, 2009) (holding that no private right of action exists under section 2603 or 2604); *Brophy v. Chase Manhattan Mortg. Co.*, 947 F.Supp. 879, 882 (E.D.Pa.1996) ("Since the statute specifically provides for a private right of action under specific sections-but not § 2604-a private right of action should not be implied under § 2604.").
[39] Complaint, pp.6-7, ll.21-10.

9

---

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1 | yield spread premium payment does not establish any violation under RESPA as,
2 | in this Circuit, at least, such payments are permissible if they meet the HUD test.[40]
3 | **VI.    CONCLUSION:**
4 | As the Opposition does nothing to substantively address, let alone cure, the
5 | defects in Plaintiff's Complaint, and there is no showing as to what Plaintiff could
6 | possibly add if leave to amend were granted, Bank of America respectfully
7 | requests that its Motion to Dismiss Plaintiff's Complaint be sustained without
8 | leave to amend for failure to assert any viable claims of action against it.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  October 25, 2010     By:   */s/Magdalena D. Kozinska, Esq.*
Magdalena D. Kozinska, Esq.
Jonathan D. Fink, Esq.
Attorney for Defendant,
Bank of America, N.A.

---

[40] *Schuetz v. Banc One Mortgage Corp.,* (9th Cir. 2002) 292 F.3d 1004, 1012-15; *accord Lane v. Residential Funding Corp.,* (9th Cir.2003) 323 F.3d 739.

10

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## PROOF OF SERVICE

I, Nancy C. Wheeler, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On October _25_, 2010, I served the within  **REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS COMPLAINT;  MOTION FOR A MORE DEFINITE STATEMENT; AND MOTION TO STRIKE PUNITIVE DAMAGES** on all interested parties in this action as follows:

[X]    by placing true copies thereof enclosed in sealed envelopes addressed as follows:  **SEE ATTACHED MAILING LIST**

[ X ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices via U.S. Mail as to Co-Defendants.

[  ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[  ]   (BY PERSONAL SERVICE) I have caused our Service of Process, First Legal to serve such envelope on all interested parties in this action.

[ X ]  (BY OVERNITE EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for as to Plaintiff.

[X]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October _25_, 2010, at Newport Beach, California.

Nancy C. Wheeler

1

## SERVICE LIST

Christian Silver
5639 Natick Ave.
Van Nuys, CA 91411
(818) 618-1973
Plaintiff Pro Se

CERTIFICATE OF SERVICE